IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| KENNETH ADERHOLT; PATRICK | § | |
| CANAN; KEVIN HUNTER; | § | |
| RONALD JACKSON; WILLIAM | § | |
| LALK; KENNETH PATTON; | § | |
| BARBARA PATTON; JIMMY SMITH; | § | |
| KENNETH LEMONS, JR., in his | § | |
| official capacity as Clay County Sheriff; | § | |
| WICHITA COUNTY, TEXAS; CLAY | § | |
| COUNTY, TEXAS; WILBARGER | § | |
| COUNTY, TEXAS, | § | |
|     Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 7:15-cv-00162-O |
| | § | |
| BUREAU OF LAND MANAGEMENT, | § | |
| NEIL KORNZE, in his official capacity | § | |
| as Director, Bureau of Land | § | |
| Management; UNITED STATES | § | |
| DEPARTMENT OF THE INTERIOR; | § | |
| SALLY JEWELL, in her official capacity | § | |
| as Secretary of the Interior; and | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendants. | § | |

**THE STATE OF TEXAS' MOTION TO INTERVENE AND
MEMORANDUM IN SUPPORT THEREOF**

Intervenor, the State of Texas (the "State"), by and through the Office of the
Attorney General of Texas, files this motion to intervene as a party-plaintiff
pursuant to Federal Rule of Civil Procedure 24.

## A.   INTRODUCTION

1.      Plaintiffs Kenneth Aderhot, Patrick Canan, Kevin Hunter, Ronald Jackson, William Lalk, Kenneth Patton, Barbara Patton, and Jimmy Smith, are Texas private-property owners along the disputed 117-mile stretch along the Red River who seek to quiet title to their property against the federal government's ownership claims. Plaintiffs Kenneth Lemons, Jr., in his official capacity as Clay County Sheriff; Wichita County, Texas; Clay County Texas; and Wilbarger County, Texas, seek a means to distinguish private versus federally owned property to aid in law enforcement and for taxation purposes (collectively, the "Plaintiffs").

2.      Defendants in this matter are the Bureau of Land Management ("BLM"); Neil Kornze, in his official capacity as Director, Bureau of Land Management; United States Department of the Interior; Sally Jewell, in her official capacity as Secretary of the Interior; and the United States of America (collectively, the "Defendants").

3.      The State of Texas moves to intervene to protect its sovereign interest in demanding recognition of its border along the Red River.

4.      Plaintiffs brought numerous causes of action against the Defendants to prevent the federal government from infringing on governmental interests in Texas along a 117-mile stretch of the Red River bordering Wichita County, Texas; Clay County, Texas; and Wilbarger County, Texas.   Plaintiffs' claims include enforcement of the Quiet Title Act, 28 U.S.C. § 2409a, which authorizes a federal

district court to adjudicate disputes over title to property when the United States claims an interest.  Plaintiffs further seek a declaratory judgment of Plaintiffs' rights and legal relations under the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiffs also seek protection under the Fourth Amendment to the U.S. Constitution to prevent the federal government from unreasonably seizing property, and pursuant to the Due Process Clause of the Fifth Amendment to prevent the federal government from claiming ownership and jurisdiction over land without delineating it with a reasonable degree of specificity.

5.    This Court has jurisdiction over the State's claim under 28 U.S.C. § 1331 because it involves federal questions involving statutes, law and treaties of the United States, and under 28 U.S.C. §§ 2201 and 2202 that authorize relief pursuant to the Declaratory Judgment Act.

6.    The State's motion to intervene is timely. *NAACP v. New York*, 413 U.S. 345, 365 (1973) (the court must be satisfied as to timeliness based on the circumstances of each case). Intervenor learned of the suit on November 16, 2015, and the State filed this motion without delay on November 18, 2015.  The suit has not progressed to the point that any party would be prejudiced.

## B.    ARGUMENT

## 1.    INTERVENTION OF RIGHT

7.    The State has the right to intervene in this suit under Federal Rule of Civil Procedure 24(a)(2) for the following reasons:

a. The State has a direct, substantial, and legally protectable interest in the subject matter of the suit. *See Brumfield v. Dodd*, 749 F.3d 339, 343-44 (5th Cir. 2014); *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1397-98 (10th Cir. 2009). The federal government's claim that it owns up to 90,000 acres of property miles from the banks of the Red River threatens the State's sovereign border. The BLM's failure and refusal to conduct a proper and complete gradient boundary survey along the Red River directly injures the State's ability to demand recognition of its boundary. The federal government's inaccurate and arbitrary claim to land that was previously recognized as part of Texas effectually impairs the State's right to have its border ascertained pursuant to the requirements of the United States Supreme Court. *See Oklahoma v. Texas*, 260 U.S. at 640 (instructing three commissioners to conduct a gradient boundary survey to locate and mark the border consistent with the opinion).

b. Unless the State intervenes, its ability to protect its border from encroachment by the federal government may be impaired. *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010); *John Doe #1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001).

c. The present parties in the suit may not adequately represent intervenor's interest. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 & n.10 (1972); *Brumfield*, 749 F.3d at 345; *Benjamin v. Dep't of Pub. Welfare*, 701 F.3d 938, 958 (3d Cir. 2012). The private-property-owner Plaintiffs' interests and the county Plaintiffs' interests are similar, yet not identical, to the State's interest in

4

protecting its border.  The private-property owners focus on removing the cloud on their titles caused by the BLM's vague identification of the claimed land, whereas the counties focus on taxation and law enforcement issues along the border. Protection of the sovereign boundary of the State of Texas cannot be adequately represented without the State of Texas as a party to this lawsuit. Further, the State of Texas' taxation structure for such statewide taxes as the oil and gas severance tax and school finance could also be affected by this suit without representation by Texas.

## 2.   PERMISSIVE INTERVENTION

8.   Alternatively, the Court should grant the State's motion to intervene because its claim and this suit have a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Plaintiffs and the State each seek to require the federal government to adequately identify the land it claims to own along the Red River.  The State seeks a gradient boundary survey reflecting the actual boundary, and proof that if the boundary is not defined by a gradient boundary survey, that avulsive activity that has placed the alleged boundary miles from the median line of the Red River and its actual banks.  *See Oklahoma v. Texas*, 260 U.S. at 638-40.

9.   The complaint in intervention is filed along with this motion.

## C.   CONCLUSION

10.   The State of Texas' sovereign interest in demanding that its border be recognized is directly related to the Plaintiffs' claims in this case.  The federal

government must properly identify the land it claims though a gradient boundary survey as required by the United States Supreme Court. These important boundary considerations are not identical to the private property, law enforcement and taxation concerns brought by the Plaintiffs; the boundary consideration requires the State's intervention to make sure that its sovereign interests are adequately represented. For these reasons, intervenor asks the Court to grant its motion to intervene as a party-plaintiff.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division

 /s/ Megan M. Neal
MEGAN M. NEAL
Assistant Attorney General
State Bar No. 24043797
megan.neal@texasattorneygeneral.gov

Environmental. Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
512.463.2012
512.457.4639 (fax)

ATTORNEYS FOR INTERVENOR
THE STATE OF TEXAS

6

## CERTIFICATE OF CONFERENCE

No conference was held between the parties to determine approval or opposition to the State's intervention. Plaintiffs filed their lawsuit two days prior to the State's motion for intervention.  Because service has not been effectuated upon all Defendants, counsel could not confer with all parties.  Accordingly, the State treats its motion as though its opposed and its Original Complaint is attached hereto.


/s/ Megan M. Neal
MEGAN M. NEAL

## CERTIFICATE OF SERVICE

I, Megan Neal, hereby certify that on this the 18th day of November, 2015, a true and correct copy of the foregoing document was transmitted via electronic service or certified mail as indicated below:

**Electronic Service**:
Robert Henneke – rhenneke@texaspolicy.com
Joel Stonedale – jstonedale@texaspolicy.com
Leigh Thompson – lthompson@texaspolicy.com
Chance Weldon – cweldon@texaspolicy.com
Texas Public Policy Foundation
Center for the American Future
901 Congress Avenue
Austin, Texas 78701
***Attorneys for Plaintiffs***

**Certified Mail**:
Bureau of Land Management – #7008 2810 0000 1187 0986
Washington Office
1849 C Street, NW
Room 5665
Washington, DC 20240

Director Neil Kornze – #7008 2810 0000 1187 0993
Bureau of Land Management
Washington Office
1849 C Street, NW
Room 5665
Washington, DC 20240

U. S. Department of the Interior – #7008 2810 0000 1187 1006
1849 C Street, NW
Washington, DC 20240

Secretary Sally Jewell – #7008 2810 0000 1187 1013
U.S. Department of the Interior
1849 C Street, NW
Washington, DC 20240

Civil Process Clerk for Loretta Lynch – #7008 2810 0000 1187 1020
U.S. Attorney General, Department of Justice
950 Pennsylvania Ave, NW

Washington, DC 20530-0001
Civil Process Clerk for John R. Parker – #7008 2810 0000 1187 1037
U.S. Attorney for the Northern District of Texas
1100 Commerce, 3rd Floor
Dallas, TX 75242-1699


*/s/ Megan M. Neal*
Megan M. Neal